PUBLISH

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01216-REB

KENDALL B. MARR,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed May 8, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he is disabled as a result of degenerative disc disease of the cervical spine with associated upper extremity radiculopathy, migraines, and

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

depression. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on December 8, 2011. At the time of this hearing, plaintiff was 46 years old. He has college and post-graduate degrees and past relevant work experience as a chiropractor and retail supervisor. He has not engaged in substantial gainful activity November 14, 2008, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe physical impairments, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Plaintiff's alleged mental impairment was found to be not severe. The ALJ found that plaintiff had the residual functional capacity to perform a reduced range of light work with postural limitations intended to account for his cervical complaints. Based on that determination, the ALJ concluded that plaintiff could perform his past relevant work as a supervisor. Alternatively, the ALJ found that, even if plaintiff's past relevant work were precluded, there were other jobs existing in significant numbers in the national and local economies that he could perform. He therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See **Kelley v. Chater**,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of

>the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff presents multiple assignments of error in this appeal.  Because I find that the ALJ's assessment of plaintiff's credibility is not adequately substantiated, and that his own disbelief of plaintiff's subjective complaints improperly colored other critical aspects of his disability decision, I do not address the majority of these arguments, which may be effected on remand by my determination herein.  ***See Watkins v. Barnhart***, 350 F.3d 1297, 1299 (10th Cir. 2003); ***Gorringe v. Astrue***, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).  Here the ALJ found plaintiff's subjective reports of pain not fully credible.  The reasons given for that determination, however, either are improper or not fully supported by the record.

The Tenth Circuit has outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

***Musgrave v. Sullivan***, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing ***Luna v. Bowen***,

834 F.2d 161, 163-64 (10th Cir. 1987)). ***See also*** 20 C.F.R. § 404.1529(a). This test recognizes that an impairment that can be thought to produce some pain may produce disabling pain in a particular individual. ***Luna***, 834 F.2d at 164. It therefore has particular relevance in a case such as this, where plaintiff's subjective experience of pain appears to far exceed the objective medical evidence of his impairments.[2] ***See Large v. Apfel***, 1999 WL 651390 at *3 (10th Cir. Aug. 26, 1999); ***Brock v. Shalala***, 1995 WL 143114 at *1-2 (10th Cir. Mar. 29, 1995). The ALJ cited these standards, but review of his decision leaves me in doubt as to whether he actually applied them.

The ALJ stated that, in light of the "weak" medical evidence in the case, plaintiff's "description of the severity of the pain has been so extreme as to appear implausible." (Tr. 27.) It is not clear to this court that the evidence of plaintiff's impairments was quite this insubstantial. For one thing, the ALJ seems to have cited to the evidence somewhat selectively. For example, although the ALJ recounted the results of an October 2008 cervical spine X-ray (Tr. 23, 218), he failed to account for the more extensive findings obtained from a July 2008 MRI (Tr. 279),[3] which plaintiff's treating physician, Dr. Michael Vu, confirmed were consistent with plaintiff's complaints of neck

---

[2] It appears that more recently, plaintiff's diagnosis and treatment has focused on chronic pain syndrome, rather than on his separate impairments individually. It is unclear to the court why plaintiff did not allege chronic pain syndrome as an impairment in itself or why the ALJ did not consider such an impairment even in the absence of such an allegation. ***See*** 20 C.F.R. § 404.1512(a) (Commissioner must consider any impairment "about which we have evidence"); ***Prentice v. Apfel***, 11 F.Supp.2d 420, 426 (S.D.N.Y.1998) (ALJ has duty "to investigate the disabling effects of an impairment if the record contains evidence indicating that such an impairment might exist," regardless whether claimant cites the impairment as a basis for disability claim).

[3] This test revealed (1) "[d]isc space narrowing and disc desiccation . . . with posterior annular tearing and disc bulging seen at C5-6 and C6-7;" (2) "some extremely subtle left paracentral disc bulging at C5-6 and more broad based disc bulging at C6-7;" (3) "[s]ome uncinate hypertrophy/spurring . . . on the left at C5-6 producing some foraminal narrowing," which were suggested to possibly involve "[c]ompromise of the ventral rootlets of the left C6 nerve;" and (4) "[a]t C6-7, some uncinate hypertrophy is seen bilaterally producing mild foraminal stenosis bilaterally, more prominent on the left." (Tr. 279.)

pain and radiculopathy.  (*See* Tr. 431.)  Similarly, the ALJ cited to the "negative" findings of a July 2009 brain MRI (Tr. 23, 216), but failed to mention the results of an earlier MR angiogram, which were not as clearly benign and suggested some physiologic genesis for plaintiff's headaches.  (Tr. 242, 234.)  The ALJ's selective citation to the record in this regard smacks of cherry-picking, which is improper.  **See Robinson v. Barnhart**, 366 F.3d 1078, 1083 (10th Cir. 2004).

Because the record contains some objective evidence of an impairment capable of producing the type of pain of which plaintiff complained, the ALJ was required to consider whether these impairments were in fact disabling based on all the evidence of record, both objective and subjective.  **Musgrave**, 966 F.2d at 1375-76.  The Commissioner's own regulations make clear that a lack of objective medical evidence alone is not sufficient to discredit a claimant's subjective reports of disabling pain.  **See** 20 C.F.R. §§ 404.1529(c)(2) & (3).  Thus, the ALJ's assessment of the credibility of plaintiff's subjective reports of pain was critical.  However, the reasons cited by ALJ in support of his conclusions in this regard are insupportable.

The ALJ first reiterated his suggestion that the physical findings and clinical data did not corroborate plaintiff's complaints.  As noted above, this finding is neither fully accurate nor sufficient in itself to discredit plaintiff's testimony.  Moreover, although the medical evidence the ALJ did review was recounted in some detail (Tr. 23-26), he seems not to have actually analyzed any of it.  Instead, the ALJ merely recited the content of the record and then stated his ultimate conclusions, making his opinion essentially unreviewable.  By failing to specifically link his conclusions to any particular evidence, the ALJ made it impossible for this court to tell in precisely what way the ALJ

7

believed the evidence failed to support plaintiff's claims. This asserted reason thus does not bear scrutiny.

The ALJ next noted that plaintiff's treatment had been largely conservative, by which it appears he meant that plaintiff had been unwilling to undergo a three-level anterior cervical discectomy and fusion, one of three surgical options suggested by the orthopedic surgeon with whom plaintiff consulted. (***See*** Tr. 26, 259.) Although the failure to pursue potentially helpful treatments may weigh against a claimant's credibility in appropriate circumstances, ***see Huston v. Bowen***, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988), there is nothing in the record to suggest that surgery would have been efficacious in plaintiff's case.[4] Under those circumstances, it strikes this court as unfair to conclude from plaintiff's unwillingness to pursue invasive, extensive surgery that the claimant's pain is not as significant or impactful as alleged, especially where, as here, the evidence would seem to indicate that plaintiff took exhaustive efforts to resolve his symptoms short of surgery.

Moreover, it appears clear that the treatment plaintiff actually received was neither particularly conservative nor as efficacious as the ALJ suggested. Plaintiff tried multiple different medications for his cervical pain and headaches, including a trial of morphine. (***See*** Tr. 220, 234, 235, 289, 407, 411, 412, 414.) The willingness to resort to such powerful medications can hardly be characterized as "conservative." Even more glaring, the ALJ's suggestion that plaintiff's "medications have been relatively

---

[4] The other two surgical options offered were noted as being unlikely to resolve all plaintiff's pain complaints. (***See*** Tr. 259 (posterior laminoforaminotomy would "address [plaintiff's] radicular pain" but not "any axial pain or headaches he may be experiencing secondary to this degenerative disc disease," while disc replacement would address "both radicular pain and perhaps a component of axial pain" unless pain was "facet in origin in terms of his axial pain and/or headaches" in which case this option "would not address the axial pain either").)

8

effective, when taken as prescribed" (Tr. 26) is simply belied by the record. Epidural steroid injections plainly failed to resolve plaintiff's neck pain for more than a week at a time (*see, e.g.*, Tr. 247, 307, 311), and any fair reading of the evidence plainly demonstrates that none of the medications plaintiff tried worked, at least for long (*see, e.g.*, Tr. 304, 316, 406, 408-409, 413, 418, 457). The same can be said for plaintiff's ongoing attempts to treat his depression. The record suggests that plaintiff either suffered not inconsequential side effects of the drugs he was given or that their effectiveness waned fairly quickly. (*See, e.g.*, Tr. 48-51, 459, 461.) The failure of a condition to respond to treatment is the essence of disability. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (pain is disabling when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment").

      The other reasons cited by the ALJ are even less substantial. The suggestion that no treating or examining source has found plaintiff to be disabled (Tr. 26) is really a nonsequitur, since any such statement would not be binding on the Commissioner in any event. *See* 20 C.F.R. § 404.1527(d)(1); *Sosa v. Barnhart*, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), *adopted*, 2003 WL 21428384 (D. Kan. Jun. 17, 2003). Similarly, the suggestion that plaintiff's report of his limited activities of daily living could not be fully credited because it was not objectively verifiable is little more than a way of restating the ALJ's incredulity. (Tr. 27.) This same alleged shortcoming could be applied to any claimant's testimony regarding his daily activities. Moreover, as discussed above, the medical and other evidence was not so paltry as to justify the lack of weight the ALJ afforded plaintiff's statements here.

The ALJ's own assessment of plaintiff's credibility clearly infected his assessment of the opinions of Dr. Vu as well. Without providing a single example, the ALJ faulted Dr. Vu for allegedly relying "quite heavily on the subjective reports of symptoms and limitations provided by [plaintiff]" and "uncritically accept[ing] as true most, if not all, of what the claimant reported" when, by the ALJ's own estimation, "there exist good reasons for questioning the reliability of [plaintiff's] subjective complaints." (Tr. 28.) Such an observation, even if substantiated, provides absolutely no basis for rejecting a medical source opinion:

> A medical finding of disability . . . includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain. A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone, do not fully substantiate the claim.

***Nieto v. Heckler***, 750 F.2d 59, 60-61 (10th Cir. 1984); ***see also Orender v. Barnhart***, 2002 WL 1747501 at *6-7 (D. Kan. July 16, 2002). Neither Dr. Vu nor any other medical source has ever opined that plaintiff is malingering or otherwise exaggerating his symptomology. ***See also McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may reject physician opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion") (citation and internal quotations marks omitted).[5]

---

[5] This finding should not be read to indicate that there are not other potential infirmities in Dr. Vu's statements that might have provided good cause for refusing to afford weight to his opinion. Neither the Commissioner nor this court, however, is empowered to provide *post hoc* rationales for the ALJ's decision. ***See Grogan v. Barnhart***, 399 F.3d 1257, 1263 (10th Cir. 2005). The additional reasons actually provided by the ALJ for discrediting Dr. Vu's statements are insufficient to support his conclusion in that regard. Indeed, his observation that plaintiff asked to be transferred to another doctor, cited as a reason to discredit a medical source opinion, borders on nonsensical.

Although I do not completely discount the continuing viability of the harmless error rule as applied to credibility determinations in appropriate cases, *see, e.g.*, ***Murray v. Colvin***, 2014 WL 2860278 at *3 & n.2 (D. Colo. June 23, 2014), the ALJ's errors in assessing plaintiff's credibility in this case are pervasive, *see **Bakalarski v. Apfel***, 1997 WL 748653 at *3 (10th Cir. Dec. 3, 1997) ("Because a credibility assessment requires consideration of all the factors in combination, when several of the factors relied upon by the ALJ are found to be unsupported or contradicted by the record, we are precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination.") (citation and internal quotation marks omitted). I therefore find and conclude this case must be remanded for further proceedings. Although plaintiff requests a directed award of benefits, I find that this would not be an appropriate case for the exercise of my discretion in that regard. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).[6]

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ to

   a. Reevaluate the various medical opinions of record, making specific findings regarding the weight assigned to each such opinion and the reasons therefor;

---

[6] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

  b. Recontact any treating or examining source, seek the testimony of medical or vocational experts, order consultative examinations, or otherwise further develop the record as he deems necessary;

  c. Reevaluate the credibility of plaintiff's subjective complaints of pain and limitation, providing legitimate reasons, specifically tied to the evidence of record, for his conclusions in that regard; and

  d. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 12, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge