**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-CV-01216-REB

KENDALL B. MARR,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER**

---

**Blackburn, J.**

The matter is before the court on the **Stipulation Re: Plaintiffs Application For an Award of Attorney's Fees Under The Equal Access to Justice Act, 28 U.S.C. § 2412** [#22][1] filed November 25, 2014. After reviewing the stipulation and the record, I conclude that the stipulation should be approved and that plaintiff should be awarded $4,008.07 in attorney fees pursuant to the EAJA.

**THEREFORE, IT IS ORDERED** as follows:

    1. That the **Stipulation Re: Plaintiffs Application For an Award of Attorney's Fees Under The Equal Access to Justice Act, 28 U.S.C. § 2412** [#22] filed November 25, 2014, is **APPROVED**;

    2. That pursuant to the EAJA, plaintiff is awarded attorney fees of $4,008.07;

    3. That payment of attorney fees **SHALL** constitute a complete release from

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and bar to any and all claims plaintiff may have relating to EAJA fees related to this action;

4. That this award **SHALL** not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to plaintiff or the Commissioner's litigation position was not substantially justified;

5. That the EAJA award is without prejudice to plaintiff's attorney's right to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA, see 28 U.S.C. § 2412(c)(1)(2006);

6. That after receiving the court's EAJA fee order, the Commissioner (1) determines upon effectuation of the court's EAJA fee order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to plaintiff's attorney;

7. That if there is a debt owned under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act; and

8. That the remaining EAJA fees after offset will be paid by a check made out to plaintiff but delivered to plaintiff's attorney.

Dated November 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge